FILED
CHARLOTTE, N.C.
MAY 17 AM 9: 49
U.S. DISTRICT COURT
W DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action File No. 3:01CV252MU

| | | |
|---|---|---|
| JACKIE DAWN LUTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NOTICE OF REMOVAL |
| | ) | |
| PIKE ELECTRIC, INC., DONALD | ) | |
| ANDERSON, NEAL SANDERS, | ) | |
| ERNEST JOHNSON, BOBBY ELLIS, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, Pike Electric, Inc., Donald Anderson, Neal Sanders, Ernest Johnson and

Bobby Ellis hereby give Notice of Removal of the above-styled case from the Union County,

North Carolina General Court of Justice, Superior Court Division, to the United States District

Court for the Western District of North Carolina, Charlotte Division, on the following grounds:

1.      On or about March 28, 2001, the plaintiff filed an action against the defendants in

the Union County, North Carolina General Court of Justice, Superior Court Division.  The case

filed by the plaintiff is styled, Jackie Dawn Lutz, Plaintiff v. Pike Electric, Inc., Donald

Anderson, Neal Sanders, Ernest Johnson and Bobby Ellis, Defendants, 01 CvS 00601.

2.      A copy of the Summons, Complaint, Amended Complaint and all other pleadings

of record filed in the state court are attached as Exhibit 1.  The Complaint is the initial pleading

setting forth the claims upon which the action is based.  The earliest service date for any of the

defendants was April 25, 2001, when Pike Electric, Inc. was served with the Summons and

Complaint; accordingly, this Notice is timely pursuant to 28 U.S.C. § 1446(b).

3.     In this action, the plaintiff seeks to recover against the defendants for alleged "violation of her rights under Title VII of the Civil Rights Act of 1964." Therefore, this Court has original jurisdiction of the action under 28 U.S.C. § 1331.

4.     For the reason set forth above, this action is one over which the United States District Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1446. This Notice is filed within thirty days from the date of first notice of the action, and less than one year from the date the action was filed in the Superior Court of Union County, North Carolina. A true and accurate copy of this Notice will be filed with the Clerk of the Superior Court of Union County, North Carolina, promptly after filing with this Court.

WHEREFORE, based upon the Court's federal question jurisdiction, defendants hereby remove and give Notice of the Removal of this action.

This the _16_ day of May, 2001.

Julie C. Theall
N.C. State Bar No. 13732

Virginia A. Bain
N.C. State Bar No. 26428

Attorneys for Defendants

OF COUNSEL:

SMITH HELMS MULLISS & MOORE, L.L.P.
300 N. Greene Street, Suite 1400
Post Office Box 21927
Greensboro, North Carolina 27420
Telephone: (336) 378-5200

2

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Notice of Removal has been duly served upon the plaintiff by depositing a copy thereof in the United States mail, first-class, postage prepaid, addressed to the following counsel of record:

> Michael A. Johnson, Jr.
> 153 Church Street, N.E.
> Concord, North Carolina 28025
> Attorney for Plaintiff

This the _16_ day of May, 2001.

Julie C. Theall
N.C. State Bar No. 13732

# STATE OF NORTH CAROLINA

FILED

| | |
|---|---|
| File No. | 01 Cvs 1CV00601 |
| Film No. | |

UNION County    MAR 28   8:02

UNION COUNTY, C.S.C.
BY _____

**In the General Court of Justice**
☐ District   ☑ Superior Court Division

*Plaintiff's Name:* **JACKIE DAWN LUTZ**

*Address:* C/O MICHAEL JOHNSON, 153 CHURCH STREET, NORTH

*City, State & Zip:* CONCORD, NORTH CAROLINA 28025

# CIVIL SUMMONS

GS 1A-1, Rules 3, 4

# VERSUS

*Defendant*
**PIKE ELECTRIC, INC., AND DONALD ANDERSON, NEAL SANDERS, ERNEST JOHNSON AND BOBBY ELLIS**

\* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| *Date Last Summons Issued* | *\* Disregard this section unless the block is checked* |
|---|---|
| | |

| TO: *Name & Address of First Defendant* | TO: *Name & Address of Second Defendant* |
|---|---|
| PIKE ELECTRIC, INC. <br> C/O REGINALD L. BANNER <br> 351 RIVERSIDE DRIVE <br> MOUNT AIRY, NC 27030     **336 789-2171** | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

| *Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)* | *Date Issued* <br> 3-28 01 | *Time Issued* <br> 8:02 ☑ AM ☐ PM |
|---|---|---|
| Michael A. Johnson, Jr. <br> MICHAEL A. JOHNSON, JR., P.A. <br> 153 Church Street, North <br> Concord, NC 28025 <br> (704) 788-6721 | *Signature* Elizabeth Plyer | |
| | ☑ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | *Date of Endorsement* | *Time Issued* <br> ☐ AM ☐ PM |
|---|---|---|
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which the summons must be served is extended thirty (30) days. | *Signature* <br> ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk of Superior Court | |

1  Michael A. Johnson, Jr., P.A.
   153 Church Street, NE
2  Concord, North Carolina 28025
   Telephone: (704) 788-6721
3  Facsimile: (704) 795-9826

4  Jackie Dawn Lutz

5

6                    THE GENERAL COURT OF JUSTICE

7                      SUPERIOR COURT DIVISION

8                   UNION COUNTY, NORTH CAROLINA

9

10

11  JACKIE DAWN LUTZ,                    | 01 CvS

12         Plaintiff,

13         vs.                           | C O M P L A I N T

14  PIKE ELECTRIC. INC.. DONALD ANDERSON. NEAL SANDERS.   | (Jury Trial Demanded)

15  ERNEST JOHNSON, BOBBY ELLIS,

16         Defendant

17

18                    I.      INTRODUCTION

19  This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants

20  Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for

21  violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and

22  Battery against Earnest Johnson.

23                    II.      PARTIES

24  1.     Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of

25  Monroe, Union County, North Carolina.

26  2.     Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of

27  Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer

28  within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all

29  relevant times has had more than 15 employees.

3. Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg County, North Carolina.

4. Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County, North Carolina.

5. Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County, North Carolina.

6. Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County, North Carolina.

## III. JURISDICTIONAL STATEMENT

7. Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C. 1981a.

## IV. FACTUAL STATEMENT

8. Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9. Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil Sanders.

10. During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed by various management personnel of the Defendant Pike.

11. Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

Page 2

When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by anyone at Pike.

12. As a result of this hostile work environment Plaintiff could no longer take the pressure and was constructively discharged from her position.

13. More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC alleging that she had been discriminated against by all the Defendants, when she was harassed and constructively discharged.

## V. LEGAL CLAIMS

**PLAINTIFF'S FIRST CAUSE OF ACTION - - <u>Quid Pro Quo Sexual Harassment and Wrongful Termination of Employment and in Violation of North Carolina Public Policy</u>**

14. The Paragraphs enumerated here and above are reincorporated by reference herein.

15. The public policy of the State of North Carolina includes the prohibition against discriminating against employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil Rights Act of 1964.

16. In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the Defendants violated the public policy of the State of North Carolina.

17. As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress. Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00

B. **PLAINTIFF'S SECOND CAUSE OF ACTION - - <u>Violation of Title VII</u>**

19. Since at least the fall of 1999, the Defendants have engaged in unlawful employment practices at the Charlotte office of Pike Electric, Inc., in violation of Section 703 and 704(a) of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20. Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21. Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22. As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C. **PLAINTIFF'S THIRD CAUSE OF ACTION - - <u>Assault and Battery</u>**

24. Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25. Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26. Earnest Johnson touched the Plaintiff without her consent.

27. Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

28. Plaintiff was in fear of a subsequent attack on her person.

29. Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30. Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31. As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched, and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32. Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## IV. JURY TRIAL DEMANDED

33.    Plaintiff hereby demands a trial by jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.    Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.    Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.    Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.    Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.    Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.    Award Plaintiff prejudgment interest on the above;

7.    Grant such other relief to Plaintiff as this Court deems equitable.


Respectfully submitted,


Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

**VERIFICATION**

STATE OF NORTH CAROLINA
CABARRUS COUNTY

**Jackie Dawn Lutz**, being duly sworn deposes and says:

That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon information and belief, and as to those matters (s)he believes them to be true.

_Jackie Dawn Lutz_
Jackie Dawn Lutz

Sworn to and subscribed before me, this 27th day of March, 2001.

_Notary Public_
Notary Public

My Commission Expires: August 4, 2003

# STATE OF NORTH CAROLINA

FILED

| File No. | 01 Cvs 1CVS00601 |
|---|---|
| Film No. | |

__UNION__ County In the General Court of Justice

☐ District ☑ Superior Court Division

UNION COUNTY, C.S.C.
BY

Plaintiff's Name: **JACKIE DAWN LUTZ**

Address: **C/O MICHAEL JOHNSON, 153 CHURCH STREET, NORTH**

City, State & Zip: **CONCORD, NORTH CAROLINA 28025**

## CIVIL SUMMONS

GS 1A-1, Rules 3, 4

# V E R S U S

Defendant
**PIKE ELECTRIC, INC., AND DONALD ANDERSON, NEAL SANDERS, ERNEST JOHNSON AND BOBBY ELLIS**

\* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| Date Last Summons Issued | * Disregard this section unless the block is checked |
|---|---|

| TO: Name & Address of First Defendant | TO: Name & Address of Second Defendant |
|---|---|
| **DONALD ANDERSON**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201**          **704** | **Neal Sanders**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201** |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

| Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff) | Date Issued | Time Issued |
|---|---|---|
| Michael A. Johnson, Jr.<br>MICHAEL A. JOHNSON, JR., P.A.<br>153 Church Street, North<br>Concord, NC  28025<br>(704) 788-6721 | 3-28-01 | 8:00 ☑AM ☐PM |
| | Signature  *Elizabeth W Plyler* | |
| | ☑Deputy CSC ☐Assistant CSC ☐Clerk of Superior Court | |

| ☐ ENDORSEMENT | Date of Endorsement | Time Issued |
|---|---|---|
| | | ☐ AM ☐ PM |
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which the summons must be served is extended thirty (30) days. | Signature | |
| | ☐Deputy CSC ☐Assistant CSC ☐Clerk of Superior Court | |

1 | Michael A. Johnson, Jr., P.A.
153 Church Street, NE
2 | Concord, North Carolina 28025
Telephone: (704) 788-6721
3 | Facsimile: (704) 795-9826

4 | Jackie Dawn Lutz

FILED

01 MAY 23  AM 8: 02

UNION COUNTY C.S.C.

BY_____

5

6 | THE GENERAL COURT OF JUSTICE

7 | SUPERIOR COURT DIVISION

8 | UNION COUNTY, NORTH CAROLINA

9

10

11 | JACKIE DAWN LUTZ,                    | 01 CvS

12 |     Plaintiff,

13 |     vs.                          | C O M P L A I N T

14 | PIKE ELECTRIC, INC., DONALD ANDERSON, NEAL SANDERS, | (Jury Trial Demanded)

15 | ERNEST JOHNSON, BOBBY ELLIS,

16 |     Defendant

17

18 | I.     INTRODUCTION

19 | This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants

20 | Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for

21 | violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and

22 | Battery against Earnest Johnson.

23 | II.     PARTIES

24 | 1.     Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of

25 | Monroe, Union County, North Carolina.

26 | 2.     Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of

27 | Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer

28 | within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all

29 | relevant times has had more than 15 employees.

3. Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg County, North Carolina.

4. Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County, North Carolina.

5. Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County, North Carolina.

6. Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County, North Carolina.

### III. JURISDICTIONAL STATEMENT

7. Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C. 1981a.

### IV. FACTUAL STATEMENT

8. Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9. Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil Sanders.

10. During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed by various management personnel of the Defendant Pike.

11. Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a

bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and

Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would

probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by

anyone at Pike.

12.    As a result of this hostile work environment Plaintiff could no longer take the pressure and was

constructively discharged from her position.

13.    More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC

alleging that she had been discriminated against by all the Defendants, when she was harassed and

constructively discharged.

**V. LEGAL CLAIMS**

**PLAINTIFF'S FIRST CAUSE OF ACTION - - <u>Quid Pro Quo Sexual Harassment and Wrongful Termination of</u>**

<u>Employment and in Violation of North Carolina Public Policy</u>

14.    The Paragraphs enumerated here and above are reincorporated by reference herein.

15.    The public policy of the State of North Carolina includes the prohibition against discriminating against

employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil

Rights Act of 1964.

16.    In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the

Defendants violated the public policy of the State of North Carolina.

17.    As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress.

Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18.    Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a

reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to

recover punitive damages in an amount in excess of $10,000.00

B.    **PLAINTIFF'S SECOND CAUSE OF ACTION - - <u>Violation of Title VII</u>**

19.    Since at least the fall of 1999, the Defendants have engaged in unlawful employment practices at the

Charlotte office of Pike Electric, Inc., in violation of Section 703 and 704(a) of the Title VII of the Civil

Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20.  Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21.  Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22.  As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23.  Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C.  **PLAINTIFF'S THIRD CAUSE OF ACTION - - <u>Assault and Battery</u>**

24.  Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25.  Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26.  Earnest Johnson touched the Plaintiff without her consent.

27.  Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

28.  Plaintiff was in fear of a subsequent attack on her person.

29.  Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30.  Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31.  As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched; and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32.  Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

### IV. JURY TRIAL DEMANDED

33.   Plaintiff hereby demands a trial by jury.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.   Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.   Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.   Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.   Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.   Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.   Award Plaintiff prejudgment interest on the above;

7.   Grant such other relief to Plaintiff as this Court deems equitable.


Respectfully submitted,


Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

**VERIFICATION**

STATE OF NORTH CAROLINA
CABARRUS COUNTY

      Jackie Dawn Lutz, being duly sworn deposes and says:

      That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon information and belief, and as to those matters (s)he believes them to be true.

                                    _____
                                  Jackie Dawn Lutz

Sworn to and subscribed before me, this
27th day of March, 2001.



Notary Public

My Commission Expires: August 4, 2003

# STATE OF NORTH CAROLINA

FILED

| | File No. | 01 Cvs | 1CVS00601 |
|---|---|---|---|
| | Film No. | | |

__UNION__ County

In the General Court of Justice
☐ District ☑ Superior Court Division

*Plaintiff's Name:* **JACKIE DAWN LUTZ**

*Address:* C/O **MICHAEL JOHNSON, 153 CHURCH STREET, NORTH**

*City, State & Zip:* **CONCORD, NORTH CAROLINA 28025**

# CIVIL SUMMONS

GS 1A-1, Rules 3, 4

# V E R S U S

*Defendant*
**PIKE ELECTRIC, INC., AND DONALD ANDERSON,
NEAL SANDERS, ERNEST JOHNSON AND BOBBY
ELLIS**

\* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| *Date Last Summons Issued* | *\* Disregard this section unless the block is checked* |
|---|---|
| | |

| TO: *Name & Address of First Defendant*<br>**DONALD ANDERSON**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201**            **704** | TO: *Name & Address of Second Defendant*<br>**Neal Sanders**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201** |
|---|---|

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

| *Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)*<br><br>Michael A. Johnson, Jr.<br>MICHAEL A. JOHNSON, JR., P.A.<br>153 Church Street, North<br>Concord, NC 28025<br>(704) 788-6721 | *Date Issued*<br>**3-18-01** | *Time Issued*<br>**8:00** ☐ AM ☐ PM |
|---|---|---|
| | *Signature*<br>☑ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk of Superior Court* | |

**491000**

| ☐ **ENDORSEMENT**<br><br>This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which the summons must be served is extended thirty (30) days. | *Date of Endorsement* | *Time Issued*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk of Superior Court* | |

Michael A. Johnson, Jr., P.A.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

Jackie Dawn Lutz

FILED

UNION COUNTY C.S.C.

BY_____

THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

UNION COUNTY, NORTH CAROLINA

| | |
|---|---|
| JACKIE DAWN LUTZ, | 01 CvS |
| Plaintiff, | |
| vs. | **C O M P L A I N T** |
| PIKE ELECTRIC, INC., DONALD ANDERSON, NEAL SANDERS, | (Jury Trial Demanded) |
| ERNEST JOHNSON, BOBBY ELLIS, | |
| Defendant | |

**I.     INTRODUCTION**

This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and Battery against Earnest Johnson.

**II.     PARTIES**

1.     Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of Monroe, Union County, North Carolina.

2.     Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all relevant times has had more than 15 employees.

3.  Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg County, North Carolina.

4.  Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County, North Carolina.

5.  Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County, North Carolina.

6.  Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County, North Carolina.

### III. JURISDICTIONAL STATEMENT

7.  Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C. 1981a.

### IV. FACTUAL STATEMENT

8.  Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9.  Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil Sanders.

10. During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed by various management personnel of the Defendant Pike.

11. Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

Page 2

When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by anyone at Pike.

12. As a result of this hostile work environment Plaintiff could no longer take the pressure and was constructively discharged from her position.

13. More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC alleging that she had been discriminated against by all the Defendants, when she was harassed and constructively discharged.

## V. LEGAL CLAIMS

PLAINTIFF'S FIRST CAUSE OF ACTION - - Quid Pro Quo Sexual Harassment and Wrongful Termination of Employment and in Violation of North Carolina Public Policy

14. The Paragraphs enumerated here and above are reincorporated by reference herein.

15. The public policy of the State of North Carolina includes the prohibition against discriminating against employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil Rights Act of 1964.

16. In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the Defendants violated the public policy of the State of North Carolina.

17. As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress. Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00

B. PLAINTIFF'S SECOND CAUSE OF ACTION - - Violation of Title VII

19. Since at least the fall of 1999, the Defendants have engaged in unlawful employment practices at the Charlotte office of Pike Electric, Inc., in violation of Section 703 and 704(a) of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20. Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21. Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22. As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C.    **PLAINTIFF'S THIRD CAUSE OF ACTION - - <u>Assault and Battery</u>**

24. Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25. Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26. Earnest Johnson touched the Plaintiff without her consent.

27. Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

28. Plaintiff was in fear of a subsequent attack on her person.

29. Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30. Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31. As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched; and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32. Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## IV. JURY TRIAL DEMANDED

33.     Plaintiff hereby demands a trial by jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.     Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.     Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.     Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.     Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.     Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.     Award Plaintiff prejudgment interest on the above;

7.     Grant such other relief to Plaintiff as this Court deems equitable.


Respectfully submitted,



Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

**VERIFICATION**

2

STATE OF NORTH CAROLINA
3    CABARRUS COUNTY

4          Jackie Dawn Lutz, being duly sworn deposes and says:

5          That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon
     information and belief, and as to those matters (s)he believes them to be true.

6

7                                                    _Jackie Dawn Lutz_
                                                     Jackie Dawn Lutz

8

     Sworn to and subscribed before me, this
9    27ᵗʰ day of March, 2001.

10

11          Notary Public

12   My Commission Expires: August 4, 2003

13

15

18

19

20

21

22

23

24

25

26

27

28

29

1CVS00601

# STATE OF NORTH CAROLINA

FILED

| File No. | **01 Cvs** |
|---|---|
| Film No. | |

___UNION___ County

GL MAR 28 8:02

UNION COUNTY CSC

In the General Court of Justice
☐ District   ☑ Superior Court Division

| | |
|---|---|
| *Plaintiff's Name:* **JACKIE DAWN LUTZ** | |
| *Address:* **C/O MICHAEL JOHNSON, 153 CHURCH STREET, NORTH** | **CIVIL SUMMONS** |
| *City, State & Zip:* **CONCORD, NORTH CAROLINA 28025** | GS 1A-1, Rules 3, 4 |

## VERSUS

*Defendant*
**PIKE ELECTRIC, INC., AND DONALD ANDERSON, NEAL SANDERS, ERNEST JOHNSON AND BOBBY ELLIS**

* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| *Date Last Summons Issued* | * *Disregard this section unless the block is checked* |
|---|---|

| *TO: Name & Address of First Defendant*<br>**ERNEST JOHNSON**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201**    **704** | *TO: Name & Address of Second Defendant*<br>**Bobby Ellis**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201** |
|---|---|

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

| *Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)*<br><br>Michael A. Johnson, Jr.<br>MICHAEL A. JOHNSON, JR., P.A.<br>153 Church Street, North<br>Concord, NC 28025<br>(704) 788-6721 | *Date Issued*<br>**3-28-01** | *Time Issued*<br>**8:02** ☐ AM ☐ PM |
|---|---|---|
| | *Signature* Elizabeth Pegg | |
| | ☑ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk of Superior Court* | |

---

| ☐ ENDORSEMENT<br>991000<br><br>This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which the summons must be served is extended thirty (30) days. | *Date of Endorsement*<br>RECEIVED | *Time Issued*<br><br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk of Superior Court* | |

Case 3:01-cv-00252-GCM   Document 1   Filed 05/17/01   Page 26 of 50

1   Michael A. Johnson, Jr., P.A.
    153 Church Street, NE
2   Concord, North Carolina 28025
    Telephone: (704) 788-6721
3   Facsimile: (704) 795-9826

4   Jackie Dawn Lutz

FILED

UNION C.S.C.

BY

5

6                    THE GENERAL COURT OF JUSTICE

7                       SUPERIOR COURT DIVISION

8                    UNION COUNTY, NORTH CAROLINA

9

10

11  JACKIE DAWN LUTZ,                        | 01 CvS

12        Plaintiff,

13        vs.                                | C O M P L A I N T

14  PIKE ELECTRIC. INC.. DONALD ANDERSON. NEAL SANDERS. | (Jury Trial Demanded)

15  ERNEST JOHNSON, BOBBY ELLIS,

16        Defendant

17

18                    I.      INTRODUCTION

19  This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants

20  Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for

21  violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and

22  Battery against Earnest Johnson.

23                    II.     PARTIES

24  1.    Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of

25        Monroe, Union County, North Carolina.

26  2.    Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of

27        Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer

28        within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all

29        relevant times has had more than 15 employees.

3.   Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg County, North Carolina.

4.   Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County, North Carolina.

5.   Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County, North Carolina.

6.   Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County, North Carolina.

### III. JURISDICTIONAL STATEMENT

7.   Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C. 1981a.

### IV. FACTUAL STATEMENT

8.   Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9.   Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil Sanders.

10.  During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed by various management personnel of the Defendant Pike.

11.  Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by anyone at Pike.

12. As a result of this hostile work environment Plaintiff could no longer take the pressure and was constructively discharged from her position.

13. More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC alleging that she had been discriminated against by all the Defendants, when she was harassed and constructively discharged.

### V. LEGAL CLAIMS

PLAINTIFF'S FIRST CAUSE OF ACTION - - Quid Pro Quo Sexual Harassment and Wrongful Termination of Employment and in Violation of North Carolina Public Policy

14. The Paragraphs enumerated here and above are reincorporated by reference herein.

15. The public policy of the State of North Carolina includes the prohibition against discriminating against employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil Rights Act of 1964.

16. In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the Defendants violated the public policy of the State of North Carolina.

17. As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress. Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00

B. PLAINTIFF'S SECOND CAUSE OF ACTION - - Violation of Title VII

19. Since at least the fall of 1899, the Defendants have engaged in unlawful employment practices at the Charlotte office of Pike Electric, Inc., in violation of Section 703 and 704(a) of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20. Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21. Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22. As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C.   **PLAINTIFF'S THIRD CAUSE OF ACTION - - Assault and Battery**

24. Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25. Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26. Earnest Johnson touched the Plaintiff without her consent.

27. Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

28. Plaintiff was in fear of a subsequent attack on her person.

29. Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30. Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31. As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched; and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32. Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## IV. JURY TRIAL DEMANDED

33.     Plaintiff hereby demands a trial by jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.      Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.      Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.      Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.      Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.      Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.      Award Plaintiff prejudgment interest on the above;

7.      Grant such other relief to Plaintiff as this Court deems equitable.


Respectfully submitted,


Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

**VERIFICATION**

STATE OF NORTH CAROLINA
CABARRUS COUNTY

Jackie Dawn Lutz, being duly sworn deposes and says:

That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon information and belief, and as to those matters (s)he believes them to be true.

Jackie Dawn Lutz

Sworn to and subscribed before me, this 27th day of March, 2001.

Notary Public

My Commission Expires: August 4, 2003



# STATE OF NORTH CAROLINA

**FILED**

UNION County

UNION COUNTY, C.S.C.

BY_____

| | |
|---|---|
| *File No.* | **01 CVS** |
| *Film No.* | **1CVS 00601** |

In the General Court of Justice
☐ District ☑ Superior Court Division

*Plaintiff's Name:* **JACKIE DAWN LUTZ**

*Address:* **C/O MICHAEL JOHNSON, 153 CHURCH STREET, NORTH**

*City, State & Zip:* **CONCORD, NORTH CAROLINA 28025**

## CIVIL SUMMONS

GS 1A-1, Rules 3, 4

# V E R S U S

*Defendant*
**PIKE ELECTRIC, INC., AND DONALD ANDERSON, NEAL SANDERS, ERNEST JOHNSON AND BOBBY ELLIS**

\* ☐ Alias and Pluries Summons

The summons originally issued against you was returned not served.

| *Date Last Summons Issued* | *\* Disregard this section unless the block is checked* |
|---|---|

| *TO: Name & Address of First Defendant* | *TO: Name & Address of Second Defendant* |
|---|---|
| **ERNEST JOHNSON**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201**     704 | **Bobby Ellis**<br>**4150 PEBBLE STREET**<br>**CHARLOTTE, NC 28201** |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or his attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy, or by mailing it, to the plaintiff at the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the court for the relief demanded in the complaint.

| *Name and Address of Plaintiff's Attorney (If none, Address of Plaintiff)* | *Date Issued* | *Time Issued* |
|---|---|---|
| Michael A. Johnson, Jr.<br>MICHAEL A. JOHNSON, JR., P.A.<br>153 Church Street, North<br>Concord, NC 28025<br>(704) 788-6721 | 3-18-01 | 8:02 ☑ AM ☐ PM |
| | *Signature* | |
| | *Elizabeth Phy* | |
| | ☑ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT | *Date of Endorsement* | *Time Issued* |
|---|---|---|
| This summons was originally issued on the date indicated above and was returned not served. At the request of the plaintiff, the time within which the summons must be served is extended thirty (30) days. | | ☐ AM ☐ PM |
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

1  Michael A. Johnson, Jr., P.A.
   153 Church Street, NE
2  Concord, North Carolina 28025
   Telephone: (704) 788-6721
3  Facsimile: (704) 795-9826

4  Jackie Dawn Lutz

FILED

UNION C.S.C.

1CVS00601

5

6                    THE GENERAL COURT OF JUSTICE

7                      SUPERIOR COURT DIVISION

8                  UNION COUNTY, NORTH CAROLINA

9

10

11  JACKIE DAWN LUTZ,                        01 CvS

12          Plaintiff,

13          vs.                              C O M P L A I N T

14  PIKE ELECTRIC. INC.. DONALD ANDERSON. NEAL SANDERS.    (Jury Trial Demanded)

15  ERNEST JOHNSON, BOBBY ELLIS,

16          Defendant

17

18                    I.      INTRODUCTION

19      This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants

20      Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for

21      violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and

22      Battery against Earnest Johnson.

23                    II.     PARTIES

24      1.      Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of

25              Monroe, Union County, North Carolina.

26      2.      Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of

27              Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer

28              within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all

29              relevant times has had more than 15 employees.

                                Page 1

3.     Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all

relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights

Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg

County, North Carolina.

4.     Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at

all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights

Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County,

North Carolina.

5.     Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all

relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights

Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County,

North Carolina.

6.     Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all

relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights

Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County,

North Carolina.

### III. JURISDICTIONAL STATEMENT

7.     Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil

Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C.

1981a.

### IV. FACTUAL STATEMENT

8.     Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9.     Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil

Sanders.

10.    During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed

by various management personnel of the Defendant Pike.

11.    Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby

Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest

Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by anyone at Pike.

12. As a result of this hostile work environment Plaintiff could no longer take the pressure and was constructively discharged from her position.

13. More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC alleging that she had been discriminated against by all the Defendants, when she was harassed and constructively discharged.

## V. LEGAL CLAIMS

PLAINTIFF'S FIRST CAUSE OF ACTION - - <u>Quid Pro Quo Sexual Harassment and Wrongful Termination of Employment and in Violation of North Carolina Public Policy</u>

14. The Paragraphs enumerated here and above are reincorporated by reference herein.

15. The public policy of the State of North Carolina includes the prohibition against discriminating against employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil Rights Act of 1964.

16. In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the Defendants violated the public policy of the State of North Carolina.

17. As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress. Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00

B. PLAINTIFF'S SECOND CAUSE OF ACTION - - <u>Violation of Title VII</u>

19. Since at least the fall of 1999, the Defendants have engaged in unlawful employment practices at the Charlotte office of Pike Electric, Inc., in violation of Section 703 and 704(a) of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20. Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21. Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22. As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23. Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C. **PLAINTIFF'S THIRD CAUSE OF ACTION - - <u>Assault and Battery</u>**

24. Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25. Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26. Earnest Johnson touched the Plaintiff without her consent.

27. Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

28. Plaintiff was in fear of a subsequent attack on her person.

29. Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30. Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31. As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched; and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32. Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

## IV. JURY TRIAL DEMANDED

33.     Plaintiff hereby demands a trial by jury.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.     Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.     Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.     Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.     Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.     Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.     Award Plaintiff prejudgment interest on the above;

7.     Grant such other relief to Plaintiff as this Court deems equitable.


Respectfully submitted,



Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

STATE OF NORTH CAROLINA
CABARRUS COUNTY

Jackie Dawn Lutz, being duly sworn deposes and says:

That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon information and belief, and as to those matters (s)he believes them to be true.

*Jackie Dawn Lutz*

Jackie Dawn Lutz

Sworn to and subscribed before me, this 27th day of March, 2001.

Notary Public

My Commission Expires: August 4, 2003

Michael A. Johnson, Jr., P.A.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

Jackie Dawn Lutz

THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

UNION COUNTY, NORTH CAROLINA

| | |
|---|---|
| JACKIE DAWN LUTZ, | 01 CvS 00601 |
| Plaintiff, | |
| vs. | AMENDMENT TO COMPLAINT |
| PIKE ELECTRIC, INC., DONALD ANDERSON. NEAL SANDERS. | |
| ERNEST JOHNSON, BOBBY ELLIS, | |
| Defendants | |

Now, prior to service of responsive pleadings, comes Jackie Dawn Lutz, Plaintiff in this action, and amends her complaint as a matter of course, pursuant to North Carolina Rules of Civil Procedure 15(a) as follows:

    1.    By adding to the complaint as Paragraph 34 and subsequent numbered paragraphs the following: The paragraphs and causes of action as set forth in the amended complaint attached to and incorporated herein by reference.

This the 27th day of April, 2001.

Respectfully submitted,

By: _____
Michael A. Johnson, Jr., P.A.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826
State Bar Number: 12449

Case 3:01-cv-00252-GCM   Document 1   Filed 05/17/01   Page 40 of 50

**CERTIFICATE OF SERVICE**

2

This is to certify that the undersigned has this date served this document in the above-captioned action on all parties to this cause by depositing a copy hereof, postage prepaid, in the United States Mail, properly addressed to each party as follows:

3

4
    Pike Electric, Inc.
    C/O Reginald L. Banner
5
    351 Riverside Drive
    Mount Airy, NC 27030
6

    Ernest Johnson
7
    4150 Pebble Street
    Charlotte, NC 28201
8

    Bobby Ellis
9
    4150 Pebble Street
    Charlotte, NC 28201
10

    Donald Anderson
11
    4150 Pebble Street
    Charlotte, NC 28201
12

    Neal Sanders
13
    4150 Pebble Street
    Charlotte, NC 28201
14

15
This the 27th day of April, 2001.
16

17

18

19
    Michael A. Johnson, Jr., P.A.
    153 Church Street, NE
20
    Concord, North Carolina 28025
    Telephone: (704) 788-6721
21
    Facsimile: (704) 795-9826
    State Bar Number: 12449
22

23

24

25

26

27

28

29

Michael A. Johnson, Jr., P.A.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

Jackie Dawn Lutz

THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

UNION COUNTY, NORTH CAROLINA

| | |
|---|---|
| JACKIE DAWN LUTZ, | 01 CvS 00601 |
| Plaintiff, | |
| vs. | AMENDED COMPLAINT |
| PIKE ELECTRIC, INC., DONALD ANDERSON, NEAL SANDERS, | (Jury Trial Demanded) |
| ERNEST JOHNSON, BOBBY ELLIS, | |
| Defendant | |

## I. INTRODUCTION

This is an action for sexual harassment and constructive discharge of Plaintiff Jackie Dawn Lutz by Defendants Donald Anderson, Neal Sanders, Earnest Johnson, Bobby Ellis and Pike Electric, Inc., and for violation and for violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964. This is also an action for Assault and Battery against Earnest Johnson.

## II. PARTIES

1. Plaintiff Jackie Dawn Lutz is a citizen and resident of the United States and a resident of the City of Monroe, Union County, North Carolina.

2. Defendant, Pike Electric, Inc. (Pike) is a North Carolina corporation that was doing business in the City of Charlotte, Mecklenburg County, North Carolina. Defendant Pike was at all relevant times an employer within the meaning of Section 701(b),(g) and (h) of Title VII of the Civil Rights Act of 1964, and at all relevant times has had more than 15 employees.

3.    Defendant Donald Anderson was at all relevant times Vice President of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Donald Anderson is upon information and belief a resident of Mecklenburg County, North Carolina.

4.    Defendant Neal Sanders was at all relevant times Regional Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Neal Sanders is upon information and belief a resident of Mecklenburg County, North Carolina.

5.    Defendant Ernest Johnson was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Ernest Johnson is upon information and belief a resident of Mecklenburg County, North Carolina.

6.    Defendant Bobby Ellis was at all relevant times Zone Supervisor of the Defendant Pike, and was at all relevant times an employer and agent of an employer within the meaning of Title VII of the Civil Rights Act of 1964. Defendant Bobby Ellis is upon information and belief a resident of Mecklenburg County, North Carolina.

## III. JURISDICTIONAL STATEMENT

7.    Plaintiff brings this action pursuant to the common law of the State of North Carolina, Title VII of the Civil Rights Act of 1964, 42 U. S. C. 2000e et. Seq., and Title I of the Civil Rights Act of 1991, 42 U. S. C. 1981a.

## IV. FACTUAL STATEMENT

8.    Plaintiff Jackie Dawn Lutz was employed by Defendant Pike from March 16, 1998, until April 14, 2000.

9.    Plaintiff at the time of her constructive discharge was a secretary/dispatcher for the Defendant Neil Sanders.

10.   During the entire tenure of her employment with the Defendant Pike, Plaintiff Lutz was sexually harassed by various management personnel of the Defendant Pike.

11.   Such harassment included Mike Stillwell saying, "I like your dress and everything in it even better. Bobby Ellis was constantly kissing at Plaintiff, even after he was cautioned by supervisor Bo Lankford. Earnest Johnson popped Plaintiff on the rear end with rolled up papers. Bobby Ellis gave Plaintiff a Pike Golf Shirt.

Page 2

1    When Plaintiff wore the golf Shirt Bobby Ellis told Plaintiff, she was suppose to wear the shirt without a

2    bra. Earnest Johnson coming up from behind and massaging Plaintiff shoulders, and Neil Sanders and

3    Donald Anderson carried on a conversation about the size of a doctor's fingers and that Plaintiff would

4    probably want to know that doctors name. Plaintiff rejected all comments and sexual advances made by

5    anyone at Pike.

6    12.    As a result of this hostile work environment Plaintiff could no longer take the pressure and was

7    constructively discharged from her position.

8    13.    More than 180 days prior to filing this action, Plaintiff filed a charge of discrimination with the EEOC

9    alleging that she had been discriminated against by all the Defendants, when she was harassed and

10    constructively discharged.

## V. LEGAL CLAIMS

PLAINTIFF'S FIRST CAUSE OF ACTION - - <u>Quid Pro Quo Sexual Harassment and Wrongful Termination of</u> <u>Employment and in Violation of North Carolina Public Policy</u>

14.    The Paragraphs enumerated here and above are reincorporated by reference herein.

15.    The public policy of the State of North Carolina includes the prohibition against discriminating against employees who refuse sexual advances and reject sexual harassment in violations of Title VII of the Civil Rights Act of 1964.

16.    In allowing and participating in the sexual harassment and constructively discharging the Plaintiff the Defendants violated the public policy of the State of North Carolina.

17.    As a result of Defendants' acts, Plaintiff has lost wages and benefits, and suffered emotional distress. Plaintiff is entitled to receive compensatory damages in an amount in excess of $10,000.00

18.    Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00

B.    PLAINTIFF'S SECOND CAUSE OF ACTION - - Violation of Title VII

19.    Since at least the fall of 1999, the Defendants have engaged in unlawful employment practices at the Charlotte office of Pike Electric, Inc., In violation of Section 703 and 704(a) of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 and 3(a) et. seq.

20.    Plaintiff has satisfied the jurisdictional prerequisites to an action under Title VII by filing a charge of discrimination against Defendants within 180 days of her termination. Plaintiff has received a right to sue letter from the EEOC.

21.    Defendants sexually harassed Plaintiff to the extent that it created a work environment so severe and hostile that she was constructively discharged. Defendants' acts constitute a violation of Title VII's prohibition against sex discrimination, including sexual harassment. Defendants have violated Section 704(a) of Title VII, 42 U. S. C. 2000e-3(a).

22.    As a proximate result of Defendants' wrongful conduct Plaintiff suffered loss of wages and benefits, emotional distress, humiliation, loss of reputation and other damages in an amount in excess of $10,000.00.

23.    Defendants' actions were done maliciously, willfully or wantonly, or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendant's conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of $10,000.00.

C.    PLAINTIFF'S THIRD CAUSE OF ACTION - - Assault and Battery

24.    Earnest Johnson hit Plaintiff on the rear end with a rolled up paper after approaching Plaintiff from behind.

25.    Plaintiff rejected this advance and made it clear to Earnest Johnson that this behavior was not acceptable.

26.    Earnest Johnson touched the Plaintiff without her consent.

27.    Plaintiff was kept constantly aware of and in apprehension of Earnest Johnson.

Case 3:01-cv-00252-GCM   Document 1   Filed 05/17/01   Page 45 of 50

28. Plaintiff was in fear of a subsequent attack on her person.

29. Earnest Johnson again approached the Plaintiff from behind and began messaging Plaintiff's shoulders.

30. Plaintiff pulled away and again made it clear to Earnest Johnson that this touching was not with her consent and was unwanted.

31. As a direct and proximate result of Earnest Johnson's placing Plaintiff in apprehension of being touched; and Plaintiff being offensively touched, Plaintiff lost wages and benefits, suffered emotional distress, humiliation, loss of reputation and other compensatory damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

32. Earnest Johnson's actions were done maliciously, willfully or wantonly or in a manner that demonstrates a reckless disregard for the Plaintiff's rights. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

D. PLAINTIFF'S FOURTH CAUSE OF ACTION – <u>Sexual Harassment</u>.

33. Plaintiff incorporates paragraphs 1 through 32 of this complaint herein and said paragraphs are hereby re-alleged and incorporated herein by reference.

34. The Plaintiff at all times since beginning to work for the Defendants, was a good and loyal employee who devoted her full time and energy and resources to the Defendants, and exercised her best effort to cause the Defendants to be successful and prosperous and, in all respects, fully complied with the contract of employment with the Defendants.

35. Soon after Plaintiff began her employment with Defendants when general foreman Mike Stillwell that he liked my dress and everything in it even better.

36. Neal Sanders was Mike Stillwell's supervisor.

37. Plaintiff advised Neal Sanders of Mike Stillwell's comment.

38. Neal Sanders told Plaintiff he would take care of it.

39. Plaintiff never had a further problem with Mike Stillwell.

40. Bobby Ellis Zone Supervisor was constantly kissing at the Plaintiff.

41. Plaintiff informed Bo Lankford of the problem.

Case 3:01-cv-00252-GCM   Document 1   Filed 05/17/01   Page 46 of 50

42. Bobby Ellis stopped the kissing until Bo Lankford was transferred out of Charlotte.

43. Bobby Ellis began the practice of kissing at Plaintiff again when Bo Lankford left.

44. Plaintiff was in her office alone standing up at the desk, bent over writing something down, when Ernest Johnson Zone Supervisor came in from behind and hit Plaintiff on her rear end with rolled up papers in his hand.

45. Plaintiff advised Neal Sanders of the incident.

46. Neal Sanders advised Plaintiff he would take care of it.

47. Plaintiff was asked by Donald Anderson Assistant Vice President if she had renewed her D. O. T. physical.

48. Plaintiff advised that she had not.

49. Neal Sanders heard this conversation.

50. Neal Sanders stated that he had his D. O. T. physical renewed on March 24.

51. Neal Sanders removed his card from his wallet while making this statement.

52. Neal Sanders stated that "Don I bet that doctor had fingers this big."

53. Neal Sanders while making the statement in paragraph 52 put his index finger and thumb together to show a big hole.

54. Neal Sanders and Donald Anderson both laughed.

55. Neal Sanders walked to his office.

56. Donald Anderson was then in the hallway in front of Neal Sanders door.

57. Donald Anderson then stated, "Neal, I bet Dawn wants to know the name of that doctor."

58. Plaintiff then stated, "No thanks, I Don't think so."

59. Neal Sanders and Donald Anderson then walked down the hallway and left for lunch.

60. Later that day, Plaintiff was alone in her office.

61. Ernest Johnson walked into the Plaintiff's office and put his hand on top his shoulder over her bra strap and began to massage her shoulder.

62. Plaintiff let Ernest Johnson know this was unacceptable and he removed his hand.

63. Plaintiff was alone in her office and when Bobby Ellis came in and saw Plaintiff in a Pike Electric golf shirt.

64. Bobby Ellis stated, "You got on one of your new shirts, now you know you were suppose to come in here without a bra.

Case 3:01-cv-00252-GCM   Document 1   Filed 05/17/01   Page 47 of 50

65. Neal Sanders was trying to lose weight.

66. Neal Sanders asked Plaintiff several time if she could tell he was losing weight.

67. Plaintiff was also trying to lose weight.

68. Plaintiff asked Neal Sanders if he could tell she was losing weight.

69. Neal Sanders said, "Yes, you're boobs are smaller.

70. The unwanted sexual harassment increased with Plaintiff's term of employment.

71. The unwanted sexual harassment advanced up the management hierarchy during Plaintiff's term of employment.

72. As a direct result of the intentional infliction of emotional distress by each of the Defendants, and by the corporate Defendant, through its agents, managers and officers, the Plaintiff has suffered severe mental and emotional distress, has been required to seek medical attention for this problem, and has incurred medical expenses for doctors' services and medication which were necessitated by the actions of the Defendants both independently and in concert.

73. Because of the actions above set forth Defendants are jointly and severally liable to the Plaintiff for compensatory damages in a sum in excess of Ten Thousand Dollars ($10,000.00).

74. The actions of the Defendants and the corporate Defendant, by and through its agents, employees and managers and officers were willful and wanton and were in total disregard of the rights of the Plaintiff and give rise to punitive damages.

75. Because of the above actions above set forth Defendants are jointly and severally liable to the Plaintiff for punitive damages in a sum in excess of Ten Thousand Dollars ($10,000.00).

III.    JURY TRIAL DEMANDED

76. Plaintiff hereby demands a trial by jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court enter judgment against Defendants as follows:

1.     Enter a judgment against the Defendants finding that they have sexually harassed and constructively discharged Plaintiff;

2.     Declare that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

3.     Award Plaintiff compensatory damages in excess of $10,000.00, including damages for financial loss suffered and for emotional pain and suffering; humiliation, anxiety, loss of reputation, and harm to Plaintiff's economic opportunities;

4.     Award Plaintiff punitive damages for Defendants' willful and malicious conduct;

5.     Award Plaintiff costs and reasonable attorney fees to Plaintiff's attorney;

6.     Award Plaintiff prejudgment interest on the above;

7.     Grant such other relief to Plaintiff as this Court deems equitable.

This the 27th day of April, 2001.

Respectfully submitted,

Michael A. Johnson, Jr.
153 Church Street, NE
Concord, North Carolina 28025
Telephone: (704) 788-6721
Facsimile: (704) 795-9826

1

2                                          **VERIFICATION**

3     STATE OF NORTH CAROLINA
      CABARRUS COUNTY

4
          Jackie Dawn Lutz, being duly sworn deposes and says:

5
              That the contents of the foregoing Complaint are true to her own knowledge, except as to matters stated upon
6     information and belief, and as to those matters (s)he believes them to be true.

7

8                                                            *Jackie Dawn Lutz*
                                                             Jackie Dawn Lutz

9     Sworn to and subscribed before me, this
      27th day of March, 2001
10

11
               Notary Public
12

      My Commission Expires: August 4, 2003
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

                                          Page 9